# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

FRANCES M. STEVENSON,  :

                Plaintiff,

   -vs-  :

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.  :

Case No. 3:10-cv-442

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

Plaintiff brought this action pursuant to 42 U.S.C. §405(g) and 42 U.S.C. §1381(c)(3) as it incorporates §405(g), for judicial review of the final decision of Defendant Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for Social Security benefits. The case is now before the Court for decision after briefing by the parties directed to the record as a whole.

Judicial review of the Commissioner's decision is limited in scope by the statute which permits judicial review, 42 U.S.C. §405(g). The Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *citing, Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *Landsaw v.*

*Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986).  Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law), against the Commissioner if this case were being tried to a jury.  *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988);  *NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939).

In deciding whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole.  *Hepner v. Mathews*, 574 F.2d 359 (6th Cir. 1978);  *Houston v. Secretary of Health and Human Services*, 736 F.2d 365  (6th Cir. 1984);  *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984).  However, the Court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility.  *Garner, supra.*  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the Court as a trier of fact would have arrived at a different conclusion.  *Elkins v. Secretary of Health and Human Services*, 658 F.2d  437, 439 (6th Cir. 1981).

To qualify for disability insurance benefits (SSD), a claimant must meet certain insured status requirements, be under age sixty-five, file an application for such benefits, and be under a disability as defined in the Social Security Act, 42 U.S.C. § 423. To establish disability, a claimant must prove that he or she suffers from a medically determinable physical or mental impairment that can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §423(d)(1)(A).  Secondly, these impairments must render the claimant unable to engage in the claimant's previous work or in any other substantial gainful employment which exists in the national economy.  42 U.S.C. §423(d)(2).

2

To qualify for supplemental security benefits (SSI), a claimant must file an application and be an "eligible individual" as defined in the Social Security Act. 42 U.S.C. §1381a. With respect to the present case, eligibility is dependent upon disability, income, and other financial resources. 42 U.S.C. §1382(a). To establish disability, a claimant must show that the claimant is suffering from a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §1382c(a)(A). A claimant must also show that the impairment precludes performance of the claimant's former job or any other substantial gainful work which exists in the national economy in significant numbers. 42 U.S.C. §1382c(a)(3)(B). Regardless of the actual or alleged onset of disability, an SSI claimant is not entitled to SSI benefits prior to the date that the claimant files an SSI application. *See,* 20 C.F.R. §416.335.

The Commissioner has established a sequential evaluation process for disability determinations. 20 C.F.R. §404.1520. First, if the claimant is currently engaged in substantial gainful activity, the claimant is found not disabled. Second, if the claimant is not presently engaged in substantial gainful activity, the Commissioner determines if the claimant has a severe impairment or impairments; if not, the claimant is found not disabled. Third, if the claimant has a severe impairment, it is compared with the Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1 (1990). If the impairment is listed or is medically equivalent to a listed impairment, the claimant is found disabled and benefits are awarded. 20 C.F.R. §404.1520(d). Fourth, if the claimant's impairments do not meet or equal a listed impairment, the Commissioner determines if the impairments prevent the claimant from returning to his regular previous employment; if not, the claimant is found not disabled. Fifth, if the claimant is unable to return to his regular previous

employment, he has established a *prima facie* case of disability and the burden of proof shifts to the Commissioner to show that there is work which exists in significant numbers in the national economy which the claimant can perform. *Bowen v. Yuckert,* 482 U.S. 137, 145, n.5 (1987).

Plaintiff filed applications for SSD and SSI in June, 2007, alleging disability from April, 2005, due to fatigue, short term memory loss, migraine headache, joint stiffness, pain, pernicious anemia, gastritis, allergic rhinitis, and asthma. PageID 140-42; 143-45; 187. Plaintiff's applications were denied initially and on reconsideration. PageID 111-15; 103-06; 107-10. Administrative Law Judge Jose Anglada held a hearing, PageID 44-86, following which he determined Plaintiff is not disabled. PageID 28-43. The Appeals Council denied Plaintiff's request for review, PageID 22-24, and Judge Anglada's decision became the Commissioner's final decision.

In determining that Plaintiff is not disabled, Judge Anglada found that she has severe anemia, but that she does not have an impairment or combination of impairments that meets or equals the Listings. PageID 33, ¶¶ 3, 4. Judge Anglada also found that Plaintiff has the residual functional capacity to perform a limited range of light work. PageID 36, ¶ 5. The ALJ then used section 204.00 of the Grid as a framework for deciding, coupled with a vocational expert's (VE) testimony and concluded that there is a significant number of jobs in the economy that Plaintiff is capable of performing. PageID 37, ¶ 10. Judge Anglada concluded that Plaintiff is not disabled and therefore not entitled to benefits under the Act. PageID 38, ¶ 11.

The transcript contains the records of Plaintiff's treatment at the Fantus Health Center dated November 13, 2005, to August 17, 2007. PageID 274-321. Those records reveal that Plaintiff received treatment at that facility for various complaints and conditions including headaches, sinusitis, pernicious anemia, episodes of drifting off, and vitamin B-12 deficiency. *Id.*

The transcript contains the notes of Plaintiff's treatment at Northwestern Hospital dated September 2004 through October 15, 2008, which reveal that Plaintiff underwent many diagnostic procedures at that facility. PageID 322-26; 365-418.

Examining psychiatrist Dr. Gill noted on December 28, 2007, that Plaintiff complained of fatigue, was a licensed practical nurse, gave herself vitamin B-12 injections on a monthly basis, and reported that she had difficulty concentrating, an impairment in her short-term memory, and periods of confusion. PageID 327-30. Dr. Gill also noted that Plaintiff last worked in January of 2003, in a home health agency as a private duty nurse, but that it didn't work out well because she wasn't getting along with the client and so she left. *Id.* Dr. Gill reported that Plaintiff was cooperative, exhibited a relaxed and calm behavior, was alert and oriented, had a normal affect and euthymic mood, and that she had normal thought content and logical thought processes. *Id.* Dr. Gill also reported that on examination, Plaintiff had some impairment in her immediate memory, but displayed no evidence of psychosis or thought process disorder. *Id.* Dr. Gill opined that Plaintiff had a normal mental status examination. *Id.*

Examining physician Dr. Fischer reported on December 28, 2007, that Plaintiff alleged disability due to asthma, gastritis, anemia, migraine, fatigue, joint pain, and short term memory loss. PageID 331-39. Dr. Fischer also reported that Plaintiff's cardiovascular exam revealed evidence of a 2/6 ejection fraction murmur at the left sternal border. *Id.* Dr. Fischer noted that otherwise Plaintiff's examination was normal; he identified her diagnoses as probable hypothyroidism and history of asthma, pernicious anemia, gastritis, myalgia and joint pains, fatigue, depression, and migraine. *Id.* Dr. Fischer opined that Plaintiff was able to sit, stand, walk, lift, carry, handle objects, hear, and speak without limitation. *Id.*

The record contains the results of several objective medical tests. A September 2004 colonoscopy revealed small hemorrhoids, PageID 322-23, and an upper endoscopy performed on that same day revealed a small hernia in her diaphragm.  PageID 324-35.  A CT scan which was performed on August 17, 2006, showed evidence of sinusitis.  PageID 274.  A March, 2007, EEG was normal.  PageID 278.  Chest x-rays were performed on April 10, 2008, which revealed no active cardiopulmonary disease.  PageID 369-70.  In June, 2008, an EKG indicated rare, isolated premature beats and did not provide an explanation for Plaintiff's symptoms of fluttering which she reported during the test.  PageID 386. On September 2, 2008, a brain MRI revealed mucosal thickening and three foci of increased signal which were nonspecific and might represent gliosis, sequela of migraine headache, or early chronic small vessel ischemic changes.  PageID 371-72.  A September 3, 2008, EEG was normal in the walking and sleeping states.  PageID 365-66.

In her Statement of Errors, Plaintiff, who is proceeding *pro se*, does not specifically raise any substantive arguments as to how the Commissioner allegedly erred when he denied Plaintiff's applications.  PageID 425-28.  Rather, Plaintiff points to several purported exhibits in support of her position that she is disabled.  *Id.*  However, four of the exhibits are not a part of the record including reports of: (1) a March, 2000, EKG which revealed borderline left atrial enlargement; (2) a June, 2009, evaluation by ophthalmologist Dr. Wertz which revealed evidence of vitreous degeneration and retinal detachment; (3) an August, 2010, EKG which revealed right atrial enlargement; (4) a September, 2010, stress test.  To the extent that Plaintiff argues that the Commissioner erred by failing to fully develop the record by not including these exhibits in the record, the Court rejects that argument.

A social security disability claimant bears the ultimate burden of proof on the issue of disability. *Richardson v. Heckler*, 750 F.2d 506, 509 (6th Cir. 1984) (citation omitted); *see also, Moon v. Sullivan,* 923 F.2d 1175 (6th Cir. 1990).

When a disability claimant is not represented by counsel at the administrative hearing, the ALJ has a special duty to ensure that a full and fair administrative record is developed. *Lashley v. Secretary of Health and Human Services,* 708 F.2d 1048, 1051 (6th Cir. 1983). Although a court scrutinizes with care the administrative record when a claimant appears without counsel, the mere fact that a claimant was unrepresented is not grounds for reversal. *Holden v. Califano,* 641 F.2d 405, 408 (6th Cir. 1981). Rather, the court examines each case on its own merits to determine whether the ALJ failed to fully develop the record and therefore denied the claimant a full and fair hearing. *Duncan v. Secretary of Health and Human Services,* 801 F.2d 847, 856 (6th Cir. 1986).

At the June 9, 2010, administrative hearing, Judge Anglada explained to Plaintiff her right to be represented by an attorney or other representative. PageID 46-50. Plaintiff verbalized her understanding of her right and she waived that right on the record and in writing. *Id.* Plaintiff then proceeded *pro se*. The record establishes that Plaintiff graduated from high school and completed her education up to two years of college and is a licensed practical nurse. PageID 60. It is clear that Plaintiff is literate, that is, able to read, write, and communicate in English. PageID 45-85. Finally, as Dr. Gill's evaluation revealed, Plaintiff has no mental impairment which would affect her ability to function at the hearing or to understand her right to be represented.

At the conclusion of the administrative hearing, Judge Anglada and Plaintiff engaged in a dialogue about Judge Anglada obtaining Plaintiff's records from "Northwestern". PageID 84-85. A review of Exhibit 9F, Plaintiff's medical records from Northwestern, reveals that many, if not

all, of the pages in that exhibit were printed on dates after the June 9, 2010, hearing.  PageID 367-418.  That fact indicates that Judge Anglada obtained Plaintiff's records from Northwestern after the date of the hearing—that is, he did precisely what he and Plaintiff agreed he would do with respect to obtaining additional records.  Accordingly, this Court concludes that Judge Anglada fulfilled his obligation of providing this *pro se* Plaintiff a full and fair hearing.

In addition, some of the records to which Plaintiff cites in her Statement are irrelevant to Plaintiff's application.  For example, any records which post-date Judge Anglada's August 5, 2010, decision are not relevant to that decision.  *Bass v. McMahon,* 499 F.3d 506, 512-13 (6th Cir. 2007)(review of the Commissioner's decision is limited to the record made before the ALJ)(citation omitted).  In addition, the records which pre-date Plaintiff alleged onset date of April, 2005, are of questionable relevance.

Finally, and perhaps more importantly, Plaintiff relies on the evidence which she cites in her Statement primarily for the purpose of describing abnormal findings and identifying diagnoses.  However, it has long been the law that the presence of a diagnosis alone is never conclusive evidence of disability.  *See, Young v.  Secretary of Department of Health and Human Services,* 925 F.2d 146 (6th Cir.  1990).  The mere diagnosis of an impairment does not indicate the severity of the condition nor the limitations, if any, that it imposes.  *Id.*  Additionally, the presence of a slight abnormality does not necessarily establish the presence of a disability.   In other words, a slight abnormality does not necessarily  interfere with the individual's ability to work, irrespective of age, education, and work experience.  See *Farris v. Secretary of Health and Human Services,* 773 F.2d 85, 90 (6th Cir. 1985)(citation omitted);  *see also, Bowen v. Yuckert,* 482 U.S. 137 (1987).

None of the medical experts of record including Plaintiff's treating physicians, the examining physicians, and the reviewing physicians have opined that Plaintiff is disabled. The clinical record indicate, at worst, mild findings and the objective test results indicate, at worst, mildly abnormal findings. Under these facts, the Commissioner did not err by finding that Plaintiff is not disabled.

The Court's duty on appeal is not to re-weigh the evidence, but to determine whether the decision below is supported by substantial evidence. *See, Raisor v. Schweiker,* 540 F.Supp. 686 (S.D.Ohio 1982). The evidence "must do more than create a suspicion of the existence of the fact to be established. ... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Secretary of Health and Human Services,* 802 F.2d 839, 840 (6th Cir. 1986), *quoting, NLRB v. Columbian Enameling & Stamping Co.,* 306 U.S. 292, 300 (1939). The Commissioner's decision in this case is supported by such evidence.

It is therefore recommended that the Commissioner's decision that Plaintiff was not disabled and therefore not entitled to benefits under the Act be affirmed.

August 1, 2011                                                                                    s/ **Michael R. Merz**
                                                                                                     United States Magistrate Judge

## NOTICE  REGARDING  OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), ©, or (D) and may be extended further by

9

the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).